UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                         Criminal Action No.
                                             07-cr-20094-1

v.

                                             HON. MARK A. GOLDSMITH

SAMUEL LAWRENCE WOOD,

       Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTIONS FOR ORDER AUTHORIZING PLEA HEARING TO BE TRANSCRIBED (Dkts. 217 and 218)**

On February 13, 2014, the Court issued a decision in the above-captioned case denying Defendant Samuel Lawrence Wood's request that transcripts of his plea hearing and sentencing be provided to him at no cost. See 2/13/14 Op. and Order (Dkt. 215). The Court noted, however, that "[i]f Defendant is interested in receiving specific transcripts or documents at his own expense, he may re-request them in writing pursuant to Eastern District of Michigan Local Rule 80.1." Id.

Defendant subsequently requested that the transcript of his plea hearing be transcribed. The Court's Court Reporter Supervisor, John Purdy, responded by informing Defendant that "[i]f the hearing was non-public (or sealed), [Defendant] must obtain a court order authorizing the hearing to be transcribed." See Def. Mot. (Dkt. 218 at 4 of 5 (CM/ECF pagination)). In a subsequent letter, Mr. Purdy reiterated that "[i]f the hearing took place and is not part of the public record, a court order is needed for the hearing to be transcribed." Id. at 5 of 5 (CM/ECF pagination).

1

Defendant then filed two motions with the Court, both entitled "Motion: For Order Authorizing Plea Hearing to be Transcribed." See Def. Motions (Dkts. 217 and 218). In his first motion — a one-page, two-paragraph document — Defendant asks that the Court permit the transcription so that he "can seek the cost for transcripts the right way." Def. Mot (Dkt. 217). In his second motion, Defendant asks how he can "be in prison with no plea-hearing on the record." Def. Mot. (Dkt. 218). Defendant notes that the hearing took place in 2007 in front of Judge Gadola, and that his family and other individuals were present during the proceedings. Id.

The Court interprets Defendant's motions as asking the Court to authorize his September 26, 2007 plea hearing to be transcribed, even though the hearing was placed under seal. Defendant's motions are granted (Dkts. 217 and 218) to the extent they ask the Court to permit transcription of the sealed plea hearing, provided Defendant pays the amount due for such transcription.[1] The court reporter is instructed to send Defendant an estimate of how much it will cost Defendant to obtain the requested transcript.

Furthermore, given that the plea hearing is currently under seal, the Court orders that any transcript of the plea hearing ordered by Defendant remain under seal. The public shall not have access to the transcript at this time.

SO ORDERED.

Dated:  May 22, 2014                          s/Mark A. Goldsmith
        Flint, Michigan                       MARK A. GOLDSMITH
                                              United States District Judge

---

[1] It does not appear that Defendant is asking the Court to reconsider its decision denying his request to have the transcript provided at no cost. To that extent that he is making such a request, Defendant has not provided any authority suggesting that the provision of free transcripts would be authorized in this case.

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 22, 2014.

                                            s/Deborah J. Goltz
                                            DEBORAH J. GOLTZ
                                            Case Manager