UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 07-cr-20094-1
                                            Honorable Linda V. Parker

SAMUEL LAWRENCE WOOD,

    Defendant.
_____/

**<u>ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 243)</u>**

Defendant Samuel Lawrence Wood ("Defendant") is a federal prisoner confined at the Manchester Federal Correctional Institution in Manchester, Kentucky. In 2007, Defendant pled guilty before Judge Paul Gadola to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, 841(a)(1) and six counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). On November 5, 2008, Judge Cox sentenced Defendant to 240 months on each count, to be served concurrently. (ECF No. 177 at Pg ID 492.) On January 26, 2016, this Court reduced Defendant's previously imposed sentence of 240 months to 180 months, pursuant to 18 U.S.C. § 3582(c)(2). Presently before the Court is Defendant's motion for reconsideration for sealed transcripts, filed April 10, 2015. (ECF No. 245.)

Local Rule 7.1(h) states: "a motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." On February 13, 2014, Judge Mark A. Goldsmith denied Defendant's request for transcripts. (ECF No. 215.) As such, Defendant's motion for reconsideration should have been filed no later than 14 days from the entry of that order. In any event, Local Rule 7.1 provides the following standard for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).

"[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)). "A motion for reconsideration 'addresses only

factual and legal matters that the court may have overlooked. . . .' It is improper on a motion for reconsideration to 'ask the court to rethink what [it] had already thought through—rightly or wrongly.'" *Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va 1983). Therefore, a motion that merely presents the same issues already ruled upon by the Court shall not be granted. *See Smith ex rel. Smith*, 298 F. Supp. 2d at 637.

Judge Goldsmith correctly denied Defendant's request for transcripts because he failed to establish indigence, including proceeding *in forma pauperis*. In Defendant's current motion, he still has not demonstrated his indigence. Moreover, Judge Goldsmith informed Defendant that if he was interested in transcripts at his own expense, he could request them in writing pursuant to Local Rule 80.1.

Accordingly,

**IT IS ORDERED** that the motion (ECF No. 243) is **DENIED**.

**IT IS SO ORDERED.**

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: March 26, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 26, 2018, by electronic and/or U.S. First Class mail.

                                                               <u>s/ R. Loury</u>
                                                               Case Manager