UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. 07-cr-20094-1
                                             Honorable Linda V. Parker

SAMUEL LAWRENCE WOOD,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S (1) MOTION TO APPOINT COUNSEL (ECF NO. 216), (2) MOTION FOR ENLARGEMENT OF TIME (ECF NO. 222), (3) MOTION FOR LEAVE TO SUPPLEMENT RECORD (ECF NO. 223), (4) MOTION TO PRODUCE DOCUMENTS (ECF NO. 227), (5) MOTION FOR RECONSIDERATION (ECF NO. 239), (6) MOTION TO APPOINT COUNSEL (ECF NO. 249), (7) MOTION FOR ORDER (ECF NO. 251), AND (8) MOTION FOR REVIEW OF LETTER (ECF NO. 254)**

Defendant Samuel Lawrence Wood ("Defendant") is a federal prisoner confined at the Manchester Federal Correctional Institution in Manchester, Kentucky. In 2007, Defendant pled guilty before Judge Paul Gadola to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, 841(a)(1) and six counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). On November 5, 2008, Judge Cox sentenced Defendant to 240 months on each count, to be served concurrently. (ECF No. 177 at Pg ID 492.) On January 26, 2016, this Court reduced Defendant's previously imposed sentence of 240 months to 180

months, pursuant to 18 U.S.C. § 3582(c)(2). Presently before the Court are Defendant's (1) motion to appoint counsel, filed March 19, 2014; (2) motion for enlargement of time to supplement record, filed May 27, 2014; (3) motion for leave to supplement record, filed June 2, 2014; (4) motion to produce documents, filed July 21, 2014; (5) motion for reconsideration, filed March 20, 2015; (6) motion to appoint counsel, filed June 13, 2016; (7) motion for order, filed July 19, 2016; and (8) motion for review of letter, filed February 13, 2017. (ECF Nos. 216, 222, 223, 227, 239, 249, 251, & 254.)

A motion filed under § 2255 generally must be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Defendant's conviction became final on February 2, 2009 when the Sixth Circuit dismissed Defendant's appeal. (ECF No. 181.) Defendant filed several motions attacking his sentence more than one year from when his judgment of conviction became final. Therefore, Defendant's § 2255 claims are untimely.

Assuming Defendant's claims are timely, Defendant waived his right to collaterally attack his sentence when he entered into the plea agreement before Judge Gadola on September 26, 2007. (ECF No. 238 at Pg ID 807.) The Sixth Circuit has consistently held that "[a] defendant's wavier of his right to challenge his conviction and sentence under § 2255 is enforceable when it is entered into 'knowingly, intelligently, and voluntarily.'" *In re Garner*, 664 F. App'x 441, 442

(6th Cir. Nov. 2, 2016); *see also United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012) ("[A] defendant 'may waive any right, even a constitutional right, by means of a plea agreement.'"). As stated above, even if Defendant claims he did not knowingly enter his plea agreement, his motions are untimely.

Accordingly,

**IT IS ORDERED** that Defendant's motions (ECF Nos. 216, 222, 223, 227, 239, 249, 251, & 254) are **DENIED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: August 14, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 14, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager